UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MAURICIO GONZALEZ #46933-509**            **CASE NO.  2:23-CV-01716 SEC P**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**FELIPE MARTINEZ JR**                      **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM ORDER**

Before the court is a "Motion for Indicative Ruling Under Rule 62.1" filed by petitioner Mauricio Gonzalez. It arises from Gonzalez's petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he complained that the warden of his facility is holding an "Immigration Hearing Program" on the assumption that Gonzalez is an illegal alien because he is foreign-born. Gonzalez sought from this court a determination that he is a United States citizen and therefore not subject to removal. This court dismissed the petition without prejudice because jurisdiction over nationality claims lies within the exclusive jurisdiction of the Court of Appeals under 8 U.S.C. § 1252(b)(5). Docs. 12, 15. Thereafter, Gonzalez filed a Notice of Appeal and a Motion to Reconsider. Docs. 15, 16. The court denied the Motion to Reconsider because the matter was already on appeal. Doc. 21.

Gonzalez now moves once more for reconsideration, noting that the court has discretion under Federal Rule of Civil Procedure 62.1(a) to either (1) defer considering the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62(a)(1). Gonzalez points out that the court has construed a subsequent filing of his

under 8 U.S.C. § 1503(a), complaining of the same issues regarding his citizenship, as a petition under 28 U.S.C. § 2241. *See Gonzalez v. Fed. Bureau of Prisons*, No. 2:25-cv-237, doc. 6 (W.D. La.). The court notes that the only order issued in that case is a form one requiring the petitioner to use approved forms. It does not address the merits of petitioner's claims. Additionally, the undersigned finds no error to the previous rulings issued in this case. However Gonzalez shapes his complaint, the court of appeals still has exclusive jurisdiction to review and determine whether he is a U.S. national. *Omolo v. Gonzales*, 452 F.3d 404, 407 (5th Cir. 2006). Accordingly, the Motion to Reconsider [doc. 23] is once again **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on the 28th day of March, 2025.

                                  **JAMES D. CAIN, JR.**
                         **UNITED STATES DISTRICT JUDGE**